## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 14-30006** |
| ) | |
| **MARCUS FIFER,** ) | |
| ) | |
| **Defendant.** ) | |

### OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Before the Court is Government's Motion to Introduce Evidence of Other Acts of Child Molestation (d/e 62), Defendant's Motion to Sever Count Three (d/e 60), Government's Response to Defendant's Motion to Sever Count Three (d/e 63), Defendant's Motion *in Limine* (d/e 69), Government's Response to Defendant's Motion *in Limine* (d/e 78), Government's First Motion *in Limine* (d/e 72), Defendant's Response to Government's First Motion *in Limine* (d/e 75), and Government's Reply to Defendant's Response to Government's First Motion *in Limine* (d/e 76).  At the final pre-trial

conference on October 16, 2015, the Court made the following oral rulings:

1. Government's Motion to Introduce Other Acts of Child Molestation (d/e 62) is DENIED.

2. Defendant's Motion *in Limine* to exclude evidence of the Defendant's prior conviction of aggravated criminal sexual abuse (d/e 69) is GRANTED, but for the evidence necessary to prove the "required to register" element of count 27.

3. Defendant's Motion to Sever Count Three (d/e 60) is DENIED.

4. Defendant's Motion *in Limine* to exclude evidence of the Defendant's "other crimes," including the 2013 narcotics investigation of the Defendant (d/e 69) is RESERVED for ruling at trial.

5. Defendant's Motion *in Limine* to exclude evidence of the Defendant's prior convictions is GRANTED in part and DENIED in part.

6. Government's First Motion *in Limine* (d/e 72) is GRANTED.

## I. <u>BACKGROUND</u>

Page 2 of 29

The Defendant, Marcus Fifer (the Defendant), has been charged with sexual exploitation of a minor, possession of child pornography, and penalties for registered sex offenders.

On November 15, 2013, Officer James Wangard of the Springfield Police Department applied for a search warrant for the Defendant's apartment.  The application was supported by the affidavit of Officer Wangard, citing two controlled heroin buys conducted by a confidential source on behalf of the Springfield Police Department.  On November 18, 2013, the search warrant was executed on the Defendant's residence located at 2510 W. Jefferson #5, Springfield, Illinois.  After a knock and announce, officers entered the apartment and discovered two persons in the apartment.  The first person was the Defendant, who was forty-two (42) years old on the date the warrant was executed.  The second person was C.T., who was sixteen (16) years old on the date the warrant was executed.  C.T. was found hiding under the Defendant's bed, wearing only underpants.  C.T. initially gave false information about her identity.  During efforts to identify C.T., Sergeant Lawson of the Springfield Police Department searched a

cell phone and tablet found in the bedroom and discovered illicit images of C.T..  After calls to dispatch returned information that C.T. was lying about her identity officers continued to question her and eventually  identified C.T. based on her answers and corroboration from dispatch.  The officers later conducted further interviews with C.T. because of her minor status and the Defendant's status as a registered sex offender.  The officers also seized a number of items pursuant to the warrant: four cellular phones, a tablet, a laptop computer, 3 digital scales, 61 bindles of heroin, 12.2 grams of marijuana, and $821 in U.S. currency.

C.T. admitted she had been living with the Defendant at his apartment since April 2013, when she was 15 years old.  C.T. stated that she and the Defendant had engaged in sexual acts "almost every night over the past several months," including oral and vaginal intercourse.  C.T. further stated that the Defendant had taken both still photos of her individually and videos of her and the Defendant engaging in sexually explicit conduct.  According to C.T., the photos and videos were created by the Defendant with a cell phone and the computers located in the apartment.  When asked

why she was hiding under the bed upon the arrival of police, C.T. stated she did not want the Defendant to get in trouble due to her juvenile status, which she had previously disclosed to the Defendant.

Based on the information gained in the interview with C.T., a federal search warrant was issued and executed on the electronic devices seized from the Defendant's apartment.  A forensic examination was conducted on the equipment, including a Samsung laptop, a Kyocera cell phone, and a KLU Android tablet. Located on the laptop's hard drive were eight allegedly pornographic images of featuring C.T., including one photo which also captured the a light-skinned black man's arm and leg.  Located on the Kyocera cell phone were ten allegedly pornographic images featuring C.T., including one photo which also captured a light-skinned black man's knee.  Located on the KLU Android table were five videos a man alleged to be the Defendant and C.T. engaging in sexual acts.

The Defendant has a prior conviction for aggravated criminal sexual abuse from 2008.  *See* Government's Motion to Introduce

Evidence of Other Acts of Child Molestation (d/e 62) at 4-5.  On

January 7, 2008, Dishimi Brown reported that her eleven (11) year

old Daughter, D.B., had been sexually assaulted in Champaign,

Illinois.  *Id.*  D.B. reported that at approximately 9:30 a.m. on

January 7, 2008, she had been riding her bike home from a

relative's house when she noticed a man following her.  *Id.*  In

response, she attempted to take a short cut to another relative's

house when the unknown man approached her.  *Id.*  The man

asked D.B. what her name was and "if she wanted to spend the day

with him."  *Id.*  When D.B. responded that she did not, the man

grabbed her breast.  *Id.*  Scared, D.B. fled to her uncle's house.  *Id.*

D.B. described the man as a light skinned black male,

approximately thirty (30) years old wearing white shoes and a black

coat.  *Id.*  She had never seen him before.  *Id.*

On May 28, 2008, the Defendant pled guilty to aggravated

criminal sexual abuse in Champaign County case 08-CF-112.  *Id.*

Specifically, the Defendant, age 36, admitted he knowingly fondled

the breast of the victim (D.B.), age 11, for the purpose of his sexual

arousal.  *Id.*  Such conviction required the Defendant to register as

a sex offender pursuant to the Illinois Sex Offender Registration Act,

730 ILCS 150/1 et. seq. for a period of at least 10 years.  *Id.*  The

Defendant also has a number of other prior convictions for various

offenses, including five such convictions within the past ten years.

*See* Revised Presentence Investigation Report (d/e 25).   On

February 11, 2014, an Indictment was filed in this Court charging

the Defendant with sexual exploitation of a minor, possession of

child pornography, and penalties for registered sex offenders (d/e

1).

On September 21, 2015, the Defendant filed a Motion to Sever

Count Three of the original Indictment (d/e 60).  Count three of the

original Indictment (d/e 1) is now Count 27 of the Superseding

Indictment (d/e 64).  On October 6, 2015, the Government filed a

Motion to Introduce Evidence of Other Acts of Child Molestation

(d/e 62) and a Response to Defendant's Motion to Sever Count

Three (d/e 63).  On October 9, 2015 the Defendant Filed a Motion *in*

*Limine* (d/e 69) to bar: (1) "other crimes evidence, including

evidence of the 2013 narcotics investigation of the Defendant; (2)

any evidence of Defendant's prior conviction for aggravated criminal

sexual abuse in 2008; and (3) any other prior convictions of the Defendant.   On October 13, 2015, the Government filed its First Motion *in Limine* (d/e 72) to bar "any circumstantial or direct evidence or any argument or inference or affirmative defense regarding defendant's knowledge (or lack thereof) of C.T.'s age as to Counts 1-23 of the superseding indictment."  On October 14, 2015, the Defendant filed a Response to the Government's First Motion *in Limine* (d/e 75), and the Government filed a Reply to that Response (d/e 76) and also filed a Response to Defendant's Motion *in Limine* (d/e 78).

## II.  ANALYSIS

### A. The Government's Motion to Introduce Evidence of Other Acts of Child Molestation is Denied; and Defendant's Motion *In Limine* to Exclude Evidence of Defendant's Prior Conviction For Aggravated Criminal Sexual Abuse is Granted.

The Government argues in its Motion to Introduce Evidence of Other Acts of Child Molestation that the Defendant's prior conviction of aggravated criminal sexual abuse is admissible and should be admitted as "highly relevant" evidence on two grounds: (1) the Defendant's "motive and intent in producing" the alleged

child pornography as it pertains to the jury's evaluation of whether the material is  a "intended to elicit a sexual response in the viewer;" and (2) the Defendant's "motive, preparation and planning." The Court finds that the Defendant's prior conviction in this case is eligible for admission under Rule 414; however the evidence is barred by Rule 403, because its probative value is substantially outweighed by unfair prejudice.  *See United States v. Hawpetoss*, 478 F.3d 820, 824 (7th Circ. 2007) ("The admissibility of evidence under Rule 413 does not 'displace the court's authority pursuant to Rule 403 to exclude evidence of a prior assault if its probative value is substantially outweighed by the danger of unfair prejudice.'").

> **1.   Evidence of the Defendant's Prior Conviction for Aggravated Criminal Sexual Assault is Admissible under Rule 414.**

F.R.E. Rule 414 provides that: "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant."  F.R.E. Rule 414(d)(2) defines "an offense of child molestation" as "any conduct prohibited by chapter 110 of Title 18,

United States Code".

In the present case, the Defendant was indicted on charges of Sexual Exploitation of Children under 18 U.S.C. § 2251, Possession of Child Pornography under 18 U.S.C. § 2252, and Penalties for Registered Sex Offenders under 18 U.S.C. § 2260A.  All of the alleged actions are proscribed under Chapter 110.  Therefore, the present charges fall under the F.R.E. definition of "child molestation."

The prior State court offense also constitutes an offense of child molestation.  The Defendant was previously convicted of aggravated criminal sexual abuse in Champaign County, Illinois. The parallel federal offense of aggravated criminal sexual abuse is a violation of 18 U.S.C. § 2241.  F.R.E. Rule 414 (d)(2) further defines "an offense of child molestation" as "any conduct prohibited under 18 U.S.C. chapter 109A and committed with a child."  F.R.E. Rule 414 (d)(1) defines a "child" as "a person below the age of 14." Aggravated criminal sexual abuse under 18 U.S.C. §2241 falls within Chapter 109A and the victim, D.B., was eleven at the time of the offense, therefore the prior conviction falls under the F.R.E.

definition of "child molestation."

Because both the Defendant's prior conviction and his present charges fall under the F.R.E. definition of "child molestation," evidence of the prior conviction is admissible under F.R.E Rule 414, provided the evidence is "relevant."

### 2. Evidence of Defendant's Prior Conviction for Aggravated Criminal Sexual Assault is Barred by Rule 403.

As the Court will discuss *infra* Part II.B., the Defendant's prior conviction is admissible to the extent needed to prove the "required to register" element of Count 27: penalties for a registered sex offender.  Therefore, the issue is whether further evidence of the details of the Defendant's prior conviction is admissible.

Although evidence of prior child molestation is excepted from the Rule 404(b) prohibition, the Seventh Circuit has continually held that admissibility under Rules 413 and 414 "does not 'displace the court's authority pursuant to Rule 403 to exclude evidence of a prior assault if its probative value is substantially outweighed by the danger of unfair prejudice.'"  *Hawpetoss*, 478 F.3d at 824. F.R.E. Rule 403 allows the court to "exclude relevant evidence" if

the "probative value is substantially outweighed by…unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Seventh Circuit has declined to wholly adopt a "rigid" factor approach to the Rule 403 analysis of Rule 413 and 414 evidence, encouraging district courts to adopt a "flexible" approach because there are "innumerable factors" a court can consider in weighing the admissibility of prior sexual assault and child molestation evidence. *Id.* at 825. However, in deciding the same issue in *United States v. Price*, this Court noted that "the Seventh Circuit approvingly cited the multi-factor test used in *United States v. Lemay*, 260 F.3d 1018, 1028 (9th Cir. 2001)." No. 3:09-cr-30107, 2011 WL3859700, 2 (C.D.Ill. 2011) (only Westlaw citation available) (internal citation omitted). Because use of the *LeMay* factors is permissible and "those factors provide a useful framework for determining the admissibility of molestation evidence," this Court applied the *LeMay* factors in a parallel analysis in *Price*. *Id.* at 2-5. The Government urges this Court to take on the "flexible" approach suggested by the Seventh Circuit in *Hawpetoss*; however

Page 12 of 29

the Government does not suggest, nor has this Court identified any other relevant factors to consider in this case beyond the *LeMay* factors used in *Price.  See* (d/e 62).  So for these reasons, the Court will apply the *LeMay* factors here.

In applying the *LeMay* factors, the district courts may consider: "(1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial." *LeMay*, 260 F.3d at 1028 (internal quotation marks omitted).

Unlike in *LeMay* and *Price*, where the prior acts and the charged offense were very similar, there is not a such a strong similarity between the two acts in the present case.  In *LeMay*, both the prior molestations and the charge at issue involved the forced oral copulation of young relatives who the defendant was babysitting.  *Id.* at 1028.  In *Price*, the prior act involved the defendant molesting and taking pornographic photos of his younger sister, telling her it was necessary for him to write a "steamy" novel.

*Price* at 2.  The charges in *Price* involved the defendant vaginally penetrating his daughter with his finger and taking pornographic photos, telling her the photos would be used in a portfolio he was making to help her modeling career.  The two offenses involved similar acts with similar justifications of "artistic merit."  *Id.*

In the present case, the prior act consisted of the Defendant approaching an 11-year-old girl and asking her if she would "like to spend the day with [him]."  The girl declined, and the Defendant grabbed and fondled her clothed breast before the girl ran away. The present charge also involves a young girl and allegations of a sexual nature but the similarities end there.  The facts alleged include the Defendant participating in an extended sexual relationship with C.T., living with her, and taking pornographic photographs of C.T. and videos of their sexual acts.  The Government's motion also states that it anticipates introducing evidence that the Defendant "'groomed' or prepared the victim to facilitate his offensive conduct."  (d/e 62).  The Defendant's prior conviction does not involve grooming or preparing his victim.  As this Court noted in *Price*, the fact that the Defendant was convicted

of his prior act does weigh in favor of admissibility, because the evidence is "proven," *Price* at 2; however the credibility of the evidence does not make it any more similar or relevant.

Two of the remaining two factors, frequency and necessity, further weigh against admissibility.  Unlike in *LeMay*, where the government had evidence of two other acts of molestation with multiple victims, the Defendant in the present case pled guilty to one isolated, relatively minor incident of molestation.  Even in *Price*, where the prior act involved a more extended period of molestation, this Court found that the identification of only one additional victim weighed against admissibility.

Further, the prior-act evidence in this case is not needed for the Government to prove its case against the Defendant.  The Government raises two justifications for bringing the evidence in its motion: (1) the conduct is relevant to the Defendant's intent; and (2) the conduct is relevant to motive, preparation and planning.  The Court already noted in the discussion of similarity that the prior act evidence here does not lend support to an inference that the Defendant "groomed" C.T.  As to the issue of intent, the prior acts

Page 15 of 29

evidence does support to some degree the allegations that the Defendant has a propensity and desire for sex with minor females; however, the prior acts evidence is not necessary to prove those allegations in this case.

In *LeMay*, witness testimony of the details of the prior conviction was necessary to show the similarity between the prior act and that charge. 260 F.3d at 1029-30. Further, the only evidence to prove that charge was the testimony of the child victims. The present case is more like *Price*, where this Court found that the fifth factor, necessity, weighed against admissibility, because the Government also had the opportunity to present; (1) the testimony of the victim, who had attained the age of 18 at the time of trial; and (2) "937 pictures and 21 movies" found on the defendant's computer. *Price* at 3. Similarly in this case, the Government may present the testimony of C.T., who is now 18. Further, the Government has included on its exhibit list more than 20 photographs and videos from the Defendant's computer, tablet and cell phones, including video of sexual acts between two people previously identified by C.T. as herself and the Defendant. The

Page 16 of 29

existence of video portraying the Defendant engaged in sexual acts with the very subject of the other allegedly pornographic images is far more probative of "design to elicit a sexual response" than additional evidence of the 2008 conviction.

In its motion, the Government cites *United States v. Burt*, 495 F.3d 733, 741 (7th Cir. 2007), where the Seventh Circuit panel did not find an "abuse of discretion" where the district court admitted a child's testimony about the defendant molesting him as evidence to prove that photos were a "lascivious exhibition."  However, in *Burt*, the admitted testimony was testimony from the child who was the subject of the allegedly pornographic photos.  *Id.*  Further the testimony in *Burt* that the defendant molested the child in the "same rooms of the house where the photography sessions" took place was admitted to counter the Defendant's argument that the photographs were taken for a "legitimate non-pornographic website".  *Id.* (internal quotations omitted).  The evidence the Government seeks to admit in this case does not have the same direct relationship to the alleged pornography, therefore does not carry nearly the probative value of the child's testimony in *Burt*.

Page 17 of 29

While the final two *LeMay* factors may weigh in favor of admissibility, they do not overcome the weight of the three factors already discussed.  The two acts in this case happened in a shorter period of time than either *LeMay* or *Price*.  However, the Defendant's prior conviction is for an act occurring in 2008 and the present offense allegedly occurred in 2013.  The five-year hiatus between the acts does provide some weight in favor of admissibility; however it does not overcome the lack of similarity and necessity.  As for intervening circumstances, unlike in *LeMay* and *Price* where the defendants were minors when they committed the prior acts, no intervening circumstances support exclusion in this case.  However, this fact does not render the prior molestation any more probative.

Considering all relevant factors, even though evidence of the Defendant's 2008 conviction for aggravated criminal sexual abuse is admissible under Rule 414, the evidence is barred by Rule 403.

### B. <u>**The Defendant's Motion to Sever Count Three is Denied.**</u>

On September 21, 2015, the Defendant filed a motion to sever count three of the original three-count Indictment (d/e 60).  Count three charged the Defendant with penalties for registered sex

Page 18 of 29

offenders.  However, on October 7, 2015, a superseding 27-count

Indictment was filed (d/e 64).  The charge for penalties for

registered sex offenders appears on the superseding Indictment,

though as count 27 not count 3.  The Defendant did not renew the

motion to sever to refer to count 27 after the superseding

Indictment, nonetheless the Court will address the motion.

The Defendant and the Government agree that the offenses in

this case are properly joined under Fed.R.Crim.P Rule 8, therefore

Rule 8 analysis will not be addressed in this opinion.  However, the

Defendant argues under Rule 14 that trying count 27 with the other

26 counts will unfairly prejudice the Defendant.  The burden is on

the Defendant to "establish[] that absent the granting of the

severance motion, he is unable to obtain a fair trial."  *United States*

*v. Stokes*, 211 F.3d 1039, 1042 (7th Cir. 2000).

The Defendant supports this argument that he could not

receive a fair trial without severance with the lone case of *U.S. v.*

*Dockery* from the D.C. Circuit.  955 F.2d 50 (D.C. Cir. 1992).

*Dockery* is distinguishable from the present case, however, as it

deals with the severance of a possession of firearms by a felon

charge from a drug charge.  *Id.*  However; the Defendant points out

that the D.C. Circuit does state generally that "[t]here is…a high

risk of undue prejudice whenever…joinder of counts allows

evidence of other crimes to be introduced in a trial of charges with

respect to which the evidence would otherwise be inadmissible."  *Id.*

at 53.  He argues that sex offenders are held in even greater

contempt than felons, therefore, the prejudicial effect is even more

significant here than in *Dockery*.  However, the *Dockery* court notes

that "[t]he primary concern is that prior crimes evidence 'weighs too

much with the jury and…overpersuade[s] them as to prejudge one

with *a bad general record.…*'"  *Id.* (quoting *Michelson v. United

States*, 335 U.S. 469, 476 (1948)) (emphasis added).  Further, the

D.C. Circuit stressed as reasoning for its decision that: (1) the

Defendant had stipulated to the prior felony, (2) there was no

proper limiting instruction, (3) the judge allowed evidence of the

felony to be repeatedly brought up by the Government, and (4) the

evidence of the firearms count was weak.

     In the present case, there is no concern that the jury will be

"overpersuaded" by the Defendant's "bad general record."  The

inclusion of count 27 in this case will allow the Government to admit only the evidence required to prove that the Defendant was required to register as a sex offender.  Further, the decision to promulgate F.R.E. Rule 414, excepting child molestation crimes from Rule 404(b) contradicts the Defendant's argument that the possibility of unfair prejudice from prior convictions of child molestation should concern courts more than non-sexual felony convictions.

Further, the Court can allow the parties the opportunity to agree on proper limiting instructions to avoid unnecessary prejudice stemming from the admission of the Defendant's prior conviction. The Court has already cautioned the Government at the pre-trial conference that evidence of the conviction is only admissible to the extent necessary to prove the relevant element of count 27.  Even further, unlike in *Dockery,* where the Government's evidence supporting the severed firearms charge was weak, the Government, in this case, will be presenting the same evidence to prove count 27 as it will for the other 26 counts..

The Seventh Circuit has not ruled on this issue of whether to

sever a penalties for registered sex offenders count from the underlying sex offense, but in the Government's response, it cites persuasive authority from the Eleventh Circuit (d/e 63). In *United States v. Slaughter*, 708 F.3d 1208 (11th Cir. 2013), the court affirmed the denial of the district court to sever a penalties for registered sex offenders offense from an underlying sex offense because proper limiting instructions were given and the only evidence admitted was that such a conviction existed so as to require the defendant to register as a sex offender. *Id.* at 1213. The court also noted that the jury heard "substantial, sexually explicit evidence" about the underlying charges, and so "any additional prejudice" was not "compelling." *Id.*

Similarly here, the Government intends to present an extensive array of pornographic photos and videos of C.T. found on the Defendant's electronic devices. Further, the evidence of the prior conviction has been limited by the ruling of this Court, and the parties get to agree on proper limiting instructions.

The Government additionally argues that judicial economy supports denial of the severance motion (d/e 63). The Seventh

Circuit has repeatedly held that judicial economy should be "balanced" with prejudice against the defendant when ruling on severance motions.  *See, e.g., U.S. v. Rivera*, 825 F.2d 152 (7th Cir. 1987), *United States v. Morales*, 655 F. 3d 608 (7th Cir. 2011).  The other element of count 27 is proving the Defendant guilty of at least one of counts 1-26.  Therefore, as the Government notes in its response, separate trials would require the Government to bring all of the same exhibits and witnesses to a second trial simply for the proof of one additional element.  Further, the one additional element, the Defendant's registration requirement, is an easily provable element.  Judicial resources would be wasted in another trial of the Defendant.

For all the above reasons, this Court finds that count 27 shall not be severed.

### C. Defendant's Motion *in Limine* to Exclude Evidence of Defendant's Prior Convictions is Granted in Part.

F.R.E. Rule 404(b) disallows evidence of a Defendant's prior crimes when used to prove "the character of a person in order to show action in conformity therewith."  However, Rule 404(b) states

Page 23 of 29

that the evidence is potentially admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Under Rule 404(b), to use evidence of a prior conviction, the Government must "provide reasonable notice" of its intent to bring such evidence.

Alternatively, F.R.E. Rule 609(a) provides that evidence of a prior conviction, which was "punishable by death or by imprisonment for more than one year," is admissible for impeachment purposes to "attack a witness' character for truthfulness."  Rule 609(a) further provides that when the defendant is the witness, the evidence *must* be admitted if "the probative value of the evidence outweighs its prejudicial effect to that defendant."  Rule 609 also states that a crime regardless of the punishment" *must* be admitted for impeachment if "the court can readily determine that establishing elements of the crime" through proof or admission equated to establishing that the witness performed a "dishonest act" or made a "false statement."  Rule 609(b) provides that if more than 10 years have passed since the

Page 24 of 29

date of conviction or the date of release from custody, whichever is later, the 609(a) evidence is only admissible if: (1) "the probative value...substantially outweighs its prejudicial effect;" and (2) the adverse party is given reasonable notice and an opportunity to contest admission.

The Government has not moved to admit any prior convictions of the Defendant for purposes other than impeachment.  In regards to impeachment, the Government stated it had identified a prior conviction of forgery on the Defendant's record that it intends to reserve for that purpose.  Because the Government has not given notice of the use of any prior convictions of the Defendant permitted by 404(b), the Court finds that evidence of prior convictions for such a purpose is now barred from admission.  Further, the Court finds, based on Rule 609, evidence of a prior conviction of forgery is admissible for impeachment purposes.  However any other prior convictions are admissible for impeachment only under Rule 609(a), which does not have a notice requirement.  Any further Rule 609(b) impeachment evidence is barred based on the notice requirement.

**D. <u>Government's First Motion *in Limine is Granted.*</u>**

Page 25 of 29

In *United States v. Fletcher*,  the Seventh Circuit ruled that,
based on evidence of legislative history where Congress had
explicitly considered and rejected the inclusion of a knowledge
element or mistake defense for sexual exploitation of minor
offensesand dicta from *U.S. v. X-Citement Video, Inc.*, 513 U.S. 64
(1994) stating that "§2251(a) contains no knowledge requirement as
to the victim's age," the Defendant's knowledge of the victim's age is
not an element of sexual exploitation of a minor.  634 F.3d 395, 401
(7th Cir. 2011).  Additionally, the Court ruled that the Defendant
could not raise an affirmative defense of lack of knowledge. *Id.* at
401-03. (citing cases from the Second, Fourth and Eighth Circuits
which read the statute the same way); *see also U.S. v. Ruggiero*, 791
F.3d 1281 (11th Cir. 2015) (citing *Fletcher*, et. al. in holding that
there is no element or affirmative defense of mistake in sexual
exploitation of children crimes).

The Defendant claims in his response that there is
disagreement in the circuits about this issue.  However, the
Defendant cites only one case: *United States. v. U.S. Dist. Court for
the Central District of California, Los Angeles, Cal.*, 858 F.25 534

Page 26 of 29

(9th Cir. 1988), where the Court held that, "as we read the constitutional requirement…[a] defendant may avoid conviction only by showing, by clear and convincing evidence, that he did not know, and could not reasonably have learned that the actor or actress was under 18 years of age."  The Ninth Circuit did not find knowledge to be an element of the offense, but only a very narrow defense. However, the Ninth Circuit is the *only* circuit who has found this mistake defense.  Further, the Seventh Circuit explicitly "considered and rejected" the findings in *U.S. Dist. Court. See Fletcher*, 631 F.3d at 402.

Therefore, the Court finds that any evidence, argument or affirmative defense of lack of knowledge is barred in regard to counts 1-23.  However, counts 24, 25, and 26 allow for the admissibility of mistake evidence.  Therefore, evidence of mistake will be admissible for that purposes, and so limiting instructions will be required.

### III.  <u>CONCLUSION</u>

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Government's Motion to Introduce Other Acts of Child

Molestation (d/e 62) is DENIED.

2. Defendant's Motion *in Limine* to exclude evidence of the Defendant's prior conviction of aggravated criminal sexual abuse (d/e 69) is GRANTED, but for the evidence necessary to prove the "required to register" element of count 27.

3. Defendant's Motion to Sever Count Three (d/e 60) is DENIED.

4. Defendant's Motion *in Limine* to exclude evidence of the Defendant's "other crimes," including the 2013 narcotics investigation of the Defendant (d/e 69) is RESERVED for ruling at trial.

5. Defendant's Motion *in Limine* to exclude evidence of the Defendant's prior convictions is GRANTED in part and DENIED in part.

6. Government's First Motion *in Limine* (d/e 72) is GRANTED.

7. The parties shall submit agreed or separate limiting instructions regarding Defendant's prior conviction for aggravated criminal sexual abuse and mistake evidence admitted in regard to counts 24, 25, and 26 by October 26,

2015.

IT IS SO ORDERED.

ENTER: October 27, 2015

FOR THE COURT:

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE