E-FILED
Tuesday, 10 November, 2015  10:16:18 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-30006 |
| | ) | |
| MARCUS FIFER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Government's Second Motion in Limine to Bar Evidence of Consent and to Exclude Prior Sexual History of Victim (d/e 80), Government's Memorandum in Support of its Second Motion in Limine to Bar Evidence of Consent and to Exclude Prior Sexual History of Victim (d/e 92), Defendant's Response to Government's Second Motion in Limine to Bar Evidence of Consent and to Exclude Prior Sexual History of Victim (d/e 97), Government's Third Motion in Limine to Exclude Defendant's Exhibits (d/e 89), Defendant's Response to

Page 1 of 26

Government's Third Motion in Limine to Exclude Defendant's

Exhibits (d/e 98), Government's Reply to Defendant's Response to

Government's Third Motion in Limine to Exclude Defendant's

Exhibits (d/e 103), Government's Fourth Motion in Limine to

Exclude Testimony of Defense Witnesses (d/e 95), Defendant's

Response to Government's Fourth Motion in Limine to Exclude

Testimony of Defense Witnesses (d/e 100), Government's Reply to

Defendant's Response to Government's Fourth Motion in Limine to

Exclude Testimony of Defense Witnesses (d/e 104), Government's

Notice of Expert Witnesses and Subject of Testimony (d/e 79),

Defendant's Motion in Limine to Bar Qualification of Experts and

Expert Testimony (d/e 101), Government's Response to Defendant's

Motion in Limine to Bar Qualification of Experts and Expert

Testimony (d/e 105), Defendant's Motion in Limine to Bar

Government from Introducing Evidence of Defendant's Knowledge of

C.T.'s Age (d/e 108), Defendant's Motion in Limine to Bar

Government Witnesses from Testifying as to Ultimate Issues for

Jury Determination (d/e 109), and Government's Motion for

Reconsideration of the Admission of Other Acts of Child Molestation

(d/e 110).  At a supplemental pre-trial conference on October 26, 2015, the Court made the following oral rulings:

1. Government's Second Motion in Limine to Bar Evidence of Consent and to Exclude Prior Sexual History of Victim (d/e 80) is GRANTED.

2. Government's Third Motion in Limine to Exclude Defendant's Exhibits (d/e 89) is GRANTED.

3. Government's Fourth Motion in Limine to Exclude Testimony of Defense Witnesses (d/e 95) is GRANTED.

4. Defendant's Motion in Limine to Bar Qualification of Experts and Expert Testimony (d/e 101) is DENIED.

5. Defendant's Motion in Limine to Bar Government Witnesses from Introducing Evidence of Defendant's Knowledge of C.T.'s Age (d/e 108) is GRANTED.

6. Defendant's Motion in Limine to Bar Government Witnesses from Testifying as to Ultimate Issue for Jury Determination (d/e 109) is GRANTED.

7. Government's Motion for Reconsideration of the Admission of Other Acts of Child Molestation (d/e 110) is DENIED.

# I. <u>BACKGROUND</u>

The Defendant, Marcus Fifer (the Defendant), has been charged with sexual exploitation of a minor (18 U.S.C. §2251) and penalties for registered sex offenders (18 U.S.C. §2260A).

On November 15, 2013, Officer James Wangard of the Springfield Police Department applied for a search warrant for the Defendant's apartment.  The application was supported by the affidavit of Officer Wangard, citing two controlled heroin buys conducted by a confidential source on behalf of the Springfield Police Department.  On November 18, 2013, the search warrant was executed on the Defendant's residence located at 2510 W. Jefferson #5, Springfield, Illinois.  After a knock and announce, officers entered the apartment and discovered two persons in the apartment.  The first person was the Defendant, who was forty-two (42) years old on the date the warrant was executed.  The second person was C.T., who was sixteen (16) years old on the date the warrant was executed.  C.T. was found hiding under the Defendant's bed, wearing only underpants.  C.T. initially gave false information about her identity.  During efforts to identify C.T.,

Sergeant Lawson of the Springfield Police Department searched a cell phone and tablet found in the bedroom and discovered illicit images of C.T.  After calls to dispatch returned information that C.T. was lying about her identity, officers continued to question her and eventually identified C.T. based on her answers and corroboration from dispatch.  The officers later conducted further interviews with C.T. because of her minor status and the Defendant's status as a registered sex offender.  The officers also seized a number of items pursuant to the warrant: four cellular phones, a tablet, a laptop computer, 3 digital scales, 61 bindles of heroin, 12.2 grams of marijuana, and $821 in U.S. currency.

C.T. admitted she had been living with the Defendant at his apartment since April 2013, when she was 15 years old.  C.T. stated that she and the Defendant had engaged in sexual acts "almost every night over the past several months," including oral and vaginal intercourse.  C.T. further stated that the Defendant had taken both still photos of her individually and videos of her and the Defendant engaging in sexually explicit conduct.  According to C.T., the photos and videos were created by the Defendant with a cell

phone and the computers located in the apartment.  When asked why she was hiding under the bed upon the arrival of police, C.T. stated she did not want the Defendant to get in trouble due to her juvenile status, which she had previously disclosed to the Defendant.

Based on the information gained in the interview with C.T., a federal search warrant was issued and executed on the electronic devices seized from the Defendant's apartment.  A forensic examination was conducted on the equipment, including a Samsung laptop, a Kyocera cell phone, and a KLU Android tablet. Located on the laptop's hard drive were eight allegedly pornographic images of featuring C.T., including one photo which also captured a light-skinned black man's arm and leg.  Located on the Kyocera cell phone were ten allegedly pornographic images featuring C.T., including one photo which also captured a light-skinned black man's knee.  Located on the KLU Android table were five videos a man alleged to be the Defendant and C.T. engaging in sexual acts. Additionally, the Defendant has a prior conviction for aggravated criminal sexual abuse from 2008, which requires the Defendant to

register as a sex offender pursuant to the Illinois Sex Offender Registration Act, 730 ILCS 150/1 et. seq. for a period of at least 10 years. *Id.*

On February 11, 2014, an Indictment was filed in this Court charging the Defendant with sexual exploitation of a minor, possession of child pornography, and penalties for registered sex offenders (d/e 1). On October 7, 2015, a Superseding Indictment was filed in this Court charging the Defendant with 23 counts of sexual exploitation of a minor, three counts of possession of child pornography, and one count of penalties for registered sex offenders (d/e 64). On October 15, 2015, the Government Filed its Notice of Expert Witnesses and Subject of Testimony (d/e 79) and its Second Motion in Limine to Bar Evidence of Consent and to Exclude Prior Sexual History of Victim (d/e 80).

On October 16, 2015, a pretrial conference was held, wherein the Court ruled on several pretrial motions, including Government's Motion to Introduce Other Acts of Child Molestation (d/e 62) (denied) and Government's First Motion in Limine to exclude any evidence or argument regarding Defendant's knowledge of C.T.'s age

(d/e 72) (granted).  The Court issued a written opinion on the rulings (d/e 117).  Additionally, at the October 16th pretrial conference, the parties submitted witness lists and exhibit lists. The Court withheld ruling on Government's Second Motion in Limine at the final pretrial conference to allow Defendant time to respond.

On October 20, 2015, a Second Superseding Indictment was filed in this Court removing the three counts of possession of child pornography, leaving only the 23 counts of sexual exploitation and the one count of penalties for registered sex offenders (d/e 87).  On October 21, 2015, the Government filed a Memorandum in Support of its Second Motion in Limine (d/e 92) and its Third Motion in Limine to exclude all of the Defendant's exhibits (d/e 89).  On October 22, 2015, the Government filed its Fourth Motion in Limine to exclude all of the Defendant's witnesses (d/e 95).

On October 23, 2014, the Defendant filed responses to Government's Second, Third and Fourth Motions in Limine (d/e 97, 98, 100), as well as a Motion in Limine to bar both of the Government's experts, Ellen Price and Michael Mitchell (d/e 101).

On the same date, the Government filed replies to Defendant's response regarding Government's Third and Fourth Motion in Limine (d/e 103, 104) and Government's Response to Defendant's Motion in Limine to Bar Qualification of Experts and Expert Testimony (d/e 105).

On October 26, 2015, the Defendant filed a Motion in Limine to Bar Government from Introducing Evidence of Defendant's Knowledge of C.T.'s Age (d/e 108) and a Motion in Limine to Bar Government Witnesses from Testifying as to Ultimate Issues for Jury Determination (d/e 109).  On the same date, the Government filed a Motion to Reconsider Admission of Other Acts of Child Molestation (d/e 110).  On the same date, the parties met before this court for a supplementary pretrial conference, wherein the Court made the above oral rulings.

## II. **ANALYSIS**

Government's Second Motion in Limine to Bar Evidence of Consent and to Exclude Prior Sexual History of Victim, Defendant's Motion in Limine to Bar Government from Introducing Evidence of Defendant's Knowledge of C.T.'s Age, and Defendant's Motion in

Limine to Bar Government Witnesses from Testifying as to Ultimate
Issues for Jury Determination are GRANTED without objection.

### A. The Government's Third Motion in Limine to Exclude Defendant's Exhibits and the Government's Fourth Motion in Limine to Exclude Testimony of Defense Witnesses are Granted.

In its motions, the Government seeks to bar all 16 of the
Defendant's exhibits and all of the Defense witnesses.  The
Defendant's exhibits and witnesses' testimony are barred because
the evidence is not relevant.  The Defendant has withdrawn his
Exhibits 1-6.  Further, the parties agree that Exhibit 7 is not
admissible, because it is only relevant to the Defendant's knowledge
of the victim's age, which was barred by the Court's prior ruling
(d/e 117).  The remaining issue is whether the Defendant's Exhibits
8-16 (letters the victim wrote to the Defendant in jail) and the
Defense witnesses' testimony are relevant.

For evidence to be relevant, two elements must be satisfied.
First, the evidence must provide for a contention or allegation to
become "more or less probable than it would be without the
evidence."  FED.R.EVID. 401.  Second, that contention or allegation

must be "a fact of consequence in determining the action." *Id.* The rule does not require that the evidence prove the "fact of consequence" true or false, but rather that the evidence have "*any* tendency" to make the fact more or less likely. *United States v. Erramilli*, 788 F.3d 723, 728 (7th Cir. 2015) (emphasis added). Further, the rule does not require the "fact" be "in dispute," but only that the fact is "of consequence." FED.R.EVID. 401 (Advisory Committee's Notes). Therefore, the presenting party can bring evidence tending to prove or disprove a fact of consequence even if the opposing party concedes the veracity or falsity of the fact.

The parties' argument here concerns the second element of 401-relevance. The Government does not question that Exhibits 8-16 and the Defense witnesses will tend to prove that the Defendant and the minor victim were in a "loving relationship;" however, the Government argues that whether the Defendant and the minor victim were in a "loving relationship" is not a fact of consequence. The Government argues in its motions that such evidence only concerns the issue of consent. Pursuant to this Court's grant of the Government's Second Motion in Limine, evidence of consent is not

admissible.  In his response, the Defendant argues that, beyond consent, his exhibits and witnesses speak to the state of mind of the Defendant.  The Defendant argues that the Government's burden to prove the state of mind of the Defendant comes from the language "to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct," in §2251.

The Defendant argues that Exhibits 8-16 and the potential testimony of his witnesses have a tendency to prove that his purpose for engaging in the sexually explicit conduct in question was not to produce a visual depiction of that conduct.  He argues that evidence of the loving relationship he shared with the minor victim is relevant to show that he engaged in the sexually explicit conduct to further that loving relationship rather than to create visual depictions.  He further argues that he simply "acquiesced" in the recording and photography, a course of action instigated by the minor victim.  Defendant's Response to Government's Motion in Limine to Exclude Defendant's Exhibits (d/e 98).

In its reply, the Government argues that reading the statute to allow evidence of a loving relationship between the Defendant and

the minor victim requires reading the term "purpose" to mean "the
sole purpose," and that such a reading would go against both the
plain meaning of the statute and Seventh Circuit precedent.  The
Court agrees.  The Seventh Circuit has interpreted "for the purpose
of" in other similar statutes to mean "at least one of the purposes."
*See United States v. Vang*, 128 F.3d 1065, 1072 (7th Cir. 1997)
(interpreting "for the purpose of" in 18 U.S.C. § 2423(b) regarding
travel for the purpose of engaging in illegal sexual activity to have
"no requirement of preeminence"), *United States v. Snow*, 507 2d.
22, 24-25 (7th Cir. 1974)(holding  that  "for the purpose of" in the
Mann Act does not mean "the most important of defendant's
reasons when multiple purposes are present," but rather "a
dominant or a compelling or efficient purpose.").

The Seventh Circuit has not specifically addressed the meaning
of "for the purpose of" in regard to §2251; however, other Courts of
Appeals have read §2251 in line with the Seventh Circuit's reading
of §2423(b) and the Mann Act.  *See United States v. Raplinger,* 555
F.3d 687 (8th Cir. 2009)(holding that the Government did not need
to prove that producing photographs was the "sole" purpose of the

sexual activity, but merely "one of the dominant purposes"), *United States v. Sirois,* 87 F.3d 34, 39 (2nd Cir. 1996) (holding that the jury must find that the production of a visual depiction was "one of the dominant motives" of the act).  The court in *Sirois* specifically rejected a parallel argument to that of the Defendant, stating that a person is "no less a child pornographer simply because he is also a pedophile." *Id.* The First Circuit in *United States v. Ortiz-Graulau* also rejected an argument from a defendant that his purpose was to "memorialize" his relationship with his minor victim.  526 F.3d 16,18 (1st Cir. 2008).  §2251 does not look at the sexual relationship as a whole, but rather focuses on the specific sexual conduct that was photographed or filmed.  Therefore, even if a sexual relationship would have existed without the motive to create pornography, a jury only has to find that the specific sexual act captured in the photo or video was conducted for the purpose of creating that photo or video.  *Id.* ("Here, a jury could infer that *at least some* of the sexual conduct occurred in order to make a depiction of it.")

In this case, the Defendant claims that his exhibits and

witness testimony are relevant because they will help to prove that he had another purpose in creating the visual depictions: to further a loving relationship.  However, evidence of a loving relationship does not make it more or less likely that the Defendant intended to create visual depictions of the sexual conduct.  In taking the action to take the photograph or record the video, the Defendant held the requisite intent to create a visual depiction, regardless of any other motives he may have held.  Therefore the Defendant's witnesses' testimony about the Defendant and the victim's alleged "loving relationship" and the letters the victim wrote to the Defendant are not relevant to proving the "purpose" element of §2251.

Further, the evidence is not relevant to the "used, persuaded, induced, enticed, or coerced" element of §2251.  Courts have repeatedly held that when the Defendant is in the video or picture himself or if the Defendant is the person taking the photo or video, the Defendant "used" the victim as required in the statute.  *See United States v. McCloud*, 590 F.3d 560, 566 (8th Cir. 2009) (holding that "[a] defendant 'uses' a minor for purposes of [section] 2251(a) if he photographs the minor engaging in sexually explicit

conduct to create a visual depiction of that conduct," when looking at the defendant's testimony that the he had a sexual relationship with the victim and photographed her as a part of that relationship)(internal citation omitted); *United v. Wright*, 774 F.3 1085, 1089 (6th Cir. 2014) ("The district court agreed with the Second, Fourth, and Eighth Circuits, that the 'use' element is satisfied if a minor is photographed in order to create pornography. We agree as well.") (citation omitted), *Sirois*, 87 F. 3d at 41 (same), *United States v. Engle*, 676 F. 3d 405, 419 (4th Cir. 2012) (same).

Because both the "use" element and the "purpose" element of §2251 are proven by the mere fact that the Defendant personally took a photo of, took a recording of, or engaged in the recorded act along with a minor engaging in sexually explicit conduct, evidence of a loving relationship the Defendant allegedly shared with the minor victim is not relevant to either element. The Defendant has not suggested any other reason why his Exhibits 8-16 or his witnesses' testimony are relevant to the present case. Therefore, the Government's third and fourth motions in limine to bar the Defendant's exhibits and witnesses are granted.

## B. The Defendant's Motion in Limine to Bar Qualification of Experts and Expert Testimony is Denied.

The expert witnesses noticed by the Government are qualified as experts and their testimony is admissible.  The Government noticed two experts: (1) Ellen Price, task force officer with the Department of Homeland Security, to testify regarding the forensic examination of the electronic items in the present case, as well as the extraction of child pornography; and (2) Michael Mitchell, resident agent in charge with the Department of Homeland Security, to testify regarding the practices of individuals who engage in the act of producing child pornography, specifically related to grooming and enticing minors.  The Defendant seeks to bar both witnesses' testimony.  The Defendant argues that Ellen Price is not sufficiently qualified to be an expert, and further that expert testimony on computer forensics is not necessary in this case because testimony of a fact witness is the appropriate means of proof in this case.  The Defendant also argues that Michael Mitchell is not sufficiently qualified to be an expert in the practices of individuals who engage in the act of producing child pornography,

and further that the topic of "the practices of individuals that engage in the act of producing child pornography" is not relevant to any issue before the jury.

In ruling on whether a witness is qualified to testify as an expert according to Federal Rules of Evidence Rule 702, the court analyzes both whether the expert is "qualified in the relevant field" and whether the experts "methodology" for arriving at his or her opinion is sound and reliable. *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000). By the terms of Rule 702, an expert may be qualified by "knowledge, skill, experience, training or education." The evaluation should be made based upon "the expert's full range of practical experience as well as academic or technical training." *Smith*, 215 F.3d at 718. Even assuming a witness is qualified as an expert, the Court must ensure that the expert's methodology is sound. *See Clark v. Takata Corp.*, 192 F.3d 750, 759 (7th Cir. 1999)("A supremely qualified expert cannot waltz into the courtroom and render opinions unless those opinions are based upon some recognized scientific method.") However, the Court's analysis ends at the expert's methodology, as the determination of

Page 18 of 26

the "correctness of the expert's conclusions" rests with the trier of fact.  *Smith*, 215 F.3d at 718.

Ellen Price is sufficiently qualified to testify as an expert in this case.  Ms. Price has received extensive formal training in computer and software design, operation, data storage, and data recovery.  Therefore, her technical training supports the Court's decision to qualify Ms. Price as an expert.  Further, Ms. Price has participated in many investigations regarding computer forensic issues in her position at the Department of Homeland Security.  Therefore, her practical experience further supports the Court's decision to qualify Ms. Price.  As to the methodology used by Ms. Price, she was the computer forensic specialist that actually performed the extraction of digital files from the Defendant's electronic devices in the present case.  All of these factors considered, Ms. Price is qualified as an expert in the forensic examination of the electronic items in the present cases, as well as the extraction of child pornography.

Michael Mitchell is also qualified to testify as an expert in this case.  Mr. Mitchell has been involved in over 200 investigations

involving child pornography as both a case agent and a forensic examiner.  As a part of his employment, he has received training in both those areas.  Further, in his position, Mr. Mitchell has interviewed many producers of child pornography.  Therefore, based on both training and experience, Mr. Mitchell is qualified to testify as an expert.

Even if an expert is qualified, the Court still must determine whether the specific testimony will help the jury in its evaluation of the case at hand.  *See Smith*, 215 F.3d at 718 ("[T]he district court must consider whether the testimony will assist the trier of fact with its analysis of any of the issues involved in the case."). However, after the Court has performed its "gatekeeping function" in determining if an expert is qualified, further determinations of credibility or correctness are not in the purview of the Court."  *Id.* at 718-19.  The relevance determination is only a matter of whether the testimony is based upon specialized knowledge of the expert that will aid the jury and is "pertinent to an issue in the case."  *Id.* at 719.  *See also*, *United States v. Sanchez-Galvez*, 33 F.3d 829, 832 (7th Cir. 1994) (Expert testimony is subject to the requirement that

"the witness does not speak to matters which are within the knowledge and experience of the jury….").

Ellen Price's testimony is relevant to the present case. The Defendant argues that the testimony should be excluded, because it is not expert testimony but layperson testimony. The Defendant argues that because Ms. Price was the agent that actually worked on the case, her testimony would come only from her observations in extracting files from the Defendant's electronic devices. However, a witness is permitted to provide both lay testimony and expert testimony. *See United States v. Christian*, 673 F.3d 702, 709 (7th Cir. 2012)("A witness can qualify as both a fact and expert witness…."). The Court finds that due to the sophisticated nature of Ms. Price's participation in the investigation, her specialized knowledge as an expert provides additional aid to the jury, beyond her mere observations. Ms. Price's knowledge will aid the jury on relevant issues of when a file was produced, on what device a file was produced, and whether a file is duplicated. Therefore, Ms. Price's testimony is relevant.

Michael Mitchell's testimony is also relevant to this case. The

Defendant argues that Mr. Mitchell's knowledge is not relevant to any issue before the jury.  However, Mr. Mitchell has specialized knowledge in the actions of child pornographers from his extensive investigatory work.  From this knowledge, he can provide the jury with insight as to actions that seem to be commonplace but are actually a part of a scheme of grooming or enticing a minor to later participate in the production of child pornography.  The Defendant further argues that any testimony by Mr. Mitchell would be more prejudicial than probative, because it "tends to lump [the] Defendant in with some purported universal category of child pornography manufacturers and groomers of children." Defendant's Motion in Limine to Bar Qualifications of Experts and Expert Testimony (d/e 101).  However, the Government does not intend to have Mr. Mitchell opine on irrelevant characteristics of the Defendant in order to conclude that the Defendant is the "child pornographer type," but rather the Government intends to have Mr. Mitchell look at actions that took place in this case and evaluate them based upon his specialized knowledge of how child pornographers groom and entice their victims.  Therefore, Mr.

Mitchell's testimony is relevant and admissible in the present case.

### C. The Government's Motion for Reconsideration of the Admission of Other Acts of Child Molestation is Denied.

During the October 16, 2015 pretrial conference, the Court denied the Government's Motion to Introduce Evidence of Other Acts of Child Molestation.  *See* Court's Opinion (d/e 117).  The Government asks that the Court reconsider its ruling.  The Court denies the motion for reconsideration and in doing so adopts the facts and findings in its prior opinion.  The Government argues that the Court disregarded the Seventh Circuit's admonition by applying "the *Lemay* test in a rigid fashion,"  giving the factors "equal weight" and concluding that the evidence was not admissible because three factors weighed against admission and two factors weighed for admission, and because the Court did not consider any other factors.  Government's Motion to Reconsider the Admission of Other Acts of Child Molestation (d/e 110).

The Government misreads the Court's prior opinion.  Nowhere in the Court's opinion did it directly compare the number of factors for admission with the number of factors against admission.  The

Court considered the *LeMay* factors, as well as the additional factor of the reliability of the evidence.  When looking at those factors, the Court decided that the strongest consideration was the extreme dissimilarity between the prior act and the current allegations, and that none of the factors weighing for admission overcame that extreme dissimilarity.  Further, in its original motion the Government suggested no other factors that the Court should consider.

In its motion for reconsideration, the Government does propose additional factors of "judicial economy" and "concerns of undue delay," citing the Court's opinion in *United States v. Price*, *Id.* (citing No. 3:09-cr-30107, 2011 WL3859700 (C.D.Ill. 2011)).  The Government argues that the testimony should be admissible, because, unlike in *Price*, it would not necessitate "extensive testimony" of "unproven acts."  *Id.*  In its prior opinion, the Court did point out that the prior act is a charge to which the Defendant pled guilty, and therefore is proven.  *See* Opinion (d/e 117) at 14-15.  Further, the Court agrees that the evidence would not require extensive additional testimony.  Although both are good reasons to

admit needed evidence that has significant probative value, the evidence in this case does not carry such value or necessity. The prior act evidence is extremely dissimilar from the current allegations. Further, the introduction of more evidence to prove that the Defendant has an interest in minor females would be superfluous and unnecessary when the Government already has extensive video evidence of the Defendant having sexual intercourse with the minor victim in the present case. Therefore, the evidence is not admissible.

### III.  **CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Government's Second Motion in Limine to Bar Evidence of Consent and to Exclude Prior Sexual History of Victim (d/e 80) is GRANTED.

2. Government's Third Motion in Limine to Exclude Defendant's Exhibits (d/e 89) is GRANTED.

3. Government's Fourth Motion in Limine to Exclude Testimony of Defense Witnesses (d/e 95) is GRANTED.

4. Defendant's Motion in Limine to Bar Qualification of

Experts and Expert Testimony (d/e 101) is DENIED.

5. Defendant's Motion in Limine to Bar Government Witnesses from Introducing Evidence of Defendant's Knowledge of C.T.'s Age (d/e 108) is GRANTED.

6. Defendant's Motion in Limine to Bar Government Witnesses from Testifying as to Ultimate Issue for Jury Determination (d/e 109) is GRANTED.

7. Government's Motion for Reconsideration of the Admission of Other Acts of Child Molestation (d/e 110) is DENIED.

IT IS SO ORDERED.

ENTER: November 9, 2015

FOR THE COURT:


                         s/ Sue E. Myerscough
                         SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE