UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-30006 |
| ) | |
| MARCUS FIFER, ) | |
| ) | |
| Defendant. ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Government's Motion to Introduce Evidence of Other Acts of Child Molestation (d/e 118). On October, 30, 2015, during the Defendant's jury trial the Court orally GRANTED the Government's Motion.

**I. BACKGROUND**

The facts are more fully set out in the Court's prior opinions (d/e 117, 137). The relevant facts are summarized below:

The Defendant, Marcus Fifer (the Defendant), is currently on trial for sexual exploitation of a minor (18 U.S.C. §2251) and

penalties for registered sex offenders (18 U.S.C. §2260A). The charges stem from a search warrant executed on the Defendant's apartment on November 18, 2013. During the execution of the warrant, officers found a 16-year-old girl clothed only in underpants hiding under the Defendant's bed. Officers were aware that the Defendant is a registered sex offender.

While attempting to identify the minor, an officer discovered sexually explicit photographs and videos of the minor and the Defendant on electronic devices seized from the Defendant's apartment. Once the officers identified the minor, she was interviewed pursuant to the investigation of a potential child sex crime. Based on the information gained in the interview with the minor, a federal search warrant was issued and executed on the electronic devices seized from the Defendant's apartment. A forensic examination was conducted on the equipment, revealing additional sexually explicit photos and videos featuring the minor.

On May 28, 2008, the Defendant pled guilty to aggravated criminal sexual abuse in Champaign County case no. 08-CF-112. Specifically, the Defendant, age 36, admitted he knowingly fondled

the breast of the victim, age 11, for the purpose of his sexual arousal.

On October 6, 2015, the Government filed a motion to introduce the Defendant's prior child molestation crime during trial (d/e 62). At a pre-trial conference on October 16, 2015, the Court denied the Government's motion. *See Opinion* (d/e 117). On October 26, 2015, the Government filed a motion to reconsider the Court's ruling (d/e 110). At a pre-trial conference on October 26, 2015, the Court denied the motion for reconsideration. *See Opinion* (d/e 137). On October 29, 2015, the Defendant took the stand at trial. On direct examination, the Defendant gave testimony relating to his registration as a sex offender and testimony that he did not have the intent to produce child pornography. Later that day, the Government renewed its motion to admit the Defendant's prior conviction (d/e 118).

## II. **ANALYSIS**

The Court previously ruled that the Defendant's prior conviction for aggravated criminal sexual abuse was admissible based upon Federal Rules of Evidence Rule 414; however the Court

barred the evidence under Rule 403.  *See* Opinion (d/e 117).  The Court found that the facts of the prior conviction were too dissimilar to the current allegations to admit the very prejudicial Rule 414 evidence.

The Court may change its decision regarding prior molestation evidence if testimony and arguments presented at trial give greater probative value to the previously denied evidence.  *See United States v. Russell,* 662 F.3d 831 (7th Cir. 2011) (holding that the district court was permitted to admit previously denied evidence of the molestation of the defendant's daughter after the defendant testified he took nude photos of his daughter because they were nudists).  Based upon the Defendant's testimony that he had innocent intentions in creating the photos and videos, the Court now finds that, despite the dissimilarity between the Defendant's prior conviction and his current charges, the prior conviction now has greater probative value in showing that this is not the first time the Defendant has molested a young girl.  Due to the greater probative value of the prior conviction, the Court find that the prejudicial effect of the evidence no longer substantially outweighs the

probative value. Therefore, the Government's motion to introduce evidence of the Defendant's prior conviction is granted.

### III.  **CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Government's Motion to Introduce Evidence of Other Acts of Child Molestation is GRANTED.

IT IS SO ORDERED.

ENTER: November 9, 2015

FOR THE COURT:

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
